Ozias P. Smith vs. William T. Conkwright and others.

May 16, 1881.

**Fraudulent Conveyance—Trust for Grantor—Money realized to be applied by Grantor in Payment of Debts.**—A conveyance of real estate by a debtor, upon the understanding that the grantee should hold it in trust for the grantor, and that, as fast as money could be realized therefrom, it should be applied by the grantor to the payment of his debts, operates to hinder and delay creditors, and is void as against them. A debtor's property is by law subject immediately to process issued at the instance of his creditors, and he may not lawfully hinder or delay them by any device which leaves it, or the avails of it, subject to his control and disposition; and it makes no difference that the debtor intends ultimately to apply the avails to the payment of his debts. Such conveyance, absolute in form, is none the less void as against creditors, though made for the double purpose of securing the grantee for endorsements made by him for the grantor, and of protecting the property from forced sale, and possible sacrifice, on the process of creditors. It cannot, in such case, operate as a lawful security as against creditors.

**Same—Subsequent Transfer to Party with Notice.**—The property was, after such voidable conveyance, attached by the plaintiff as the property of the grantor, and was, after such attachment, sold and conveyed to a third party, a defendant in this action, who had notice of the plaintiff's rights, and the avails of such sale were received by the original grantor, and by him applied to the payment of his debts. *Held*, that the original deed was void at its inception as against the plaintiff, a creditor at the time, and no subsequent transaction affecting the property to which he was not a party, and not involving the rights of innocent parties, could give it validity as against him, and that he is entitled to have the cloud cast upon the title by the deed removed in aid of his execution.

**Same— Sufficiency of Finding of Intent.** — Although, in cases of this kind, the intent with which the conveyance is made should be found as matter of fact, the finding is sufficient if the intent to hinder and delay creditors inevitably follows from the facts found touching the acts and intention of the parties.

Appeal by defendants from a judgment of the district court for the county of Waseca, *Buckham*, J., presiding, in an action to have certain conveyances by defendants declared void as against creditors.

*B. S. Lewis*, for appellants.

The actual intent to hinder and delay creditors must be found as a fact. *Murray* v. *Cason*, 15 Mo. 378; *Vose* v. *Stickney*, 19 Minn. 367. Whether intent to prevent forced sale and sacrifice is such intent depends on the circumstances and other facts found. Burrill on Assignments, § 336; Bump on Fraud. Con. 358; *Burt* v. *McKinstry*, 4 Minn. 149, (204;) *Gere* v. *Murray*, 6 Minn. 213, (305.) A preference may be given and received for the express purpose of defeating an execution, and preventing forced sale and sacrifice. *Wilder* v. *Winne*, 6 Cow. 284; *Wheaton* v. *Neville*, 19 Cal. 42; *Walden* v. *Murdock*, 23 Cal. 540; *Reynolds* v. *Wilkins*, 14 Me. 104. To avoid the deed, the intent to hinder and delay, must be found to be fraudulent. *Meux* v. *Howell*, 4 East, 1; *Hefner* v. *Metcalf*, 1 Head, 577; *Wilder* v. *Fondey*, 4 Wend. 100 ; *State* v. *Benoist*, 37 Mo. 500; *Dana* v. *Stanford*, 10 Cal. 269; *Walden* v. *Murdock*, 23 Cal. 540; *Hollister* v. *Loud*, 2 Mich. 310; Burrill on Assignments, § 326; Story's Eq. Jur. § 353.

*P. McGovern* and *Brownell & Kinder,* for respondent.

CLARK, J.* This action was brought to set aside a deed of convey-ance of real estate from the defendant William T. Conkwright to the defendant William Conkwright, delivered on the 27th day of August, 1875, as fraudulent and void as against the creditors of the former, and especially as against the plaintiff, and to remove the cloud cast upon the title of said real estate by such deed, in aid of the plaintiff's execution.

The debt which the plaintiff seeks to enforce out of the property originated on the first day of April, 1875; and on the seventh day of August, 1877, the plaintiff commenced an action against William T. Conkwright for the recovery thereof, and on the same day caused the real estate in question to be attached as his property. Judgment having been recovered by the plaintiff, an execution was issued and levied upon the real estate in question, on the 16th day of May, 1878, and the sheriff returned that the defendant in the writ had no other property, real or personal, in his county, subject to levy and sale on execution. On the 19th day of April, 1878, William Conkwright con-veyed the premises to the defendant Christian Priem, who had, at the time he received such conveyance and paid the purchase-money there-for, full notice of the plaintiff's rights. The court below found, as conclusions of fact, "that such conveyance was made by said William T. Conkwright, and accepted by the said William Conk-wright, to secure said William Conkwright for certain endorsements before that time made by him for the said William T. Conkwright, and to protect the said property so conveyed from forced sale and possible sacrifice at the suit of the creditors of said William T. Conkwright, and with no intent to withdraw the same permanently from the payment of his debts, but with the understanding then had between the parties to said conveyance that the said William Conkwright was to hold the same in trust for his grantor, and that, as fast as money could be realized therefrom, the same should enure to the benefit of said William T. Conkwright, and be by him applied to the payment of his said debts; and that, in pursuance of said understanding, the legal title to said property remained in

*Cornell, J., owing to illness, did not sit in this case.

said William Conkwright till the time of the sale thereof to the defendant Christian Priem, and the proceeds and avails thereof, before and on such sale, were received by the defendant William T. Conkwright, and by him applied to the payment of his debts." The court found, as conclusions of law, that the conveyance from William T. Conkwright to William Conkwright was made to hinder and delay the creditors of said William T., and was void as against the plaintiff, and that the plaintiff was entitled to judgment setting said conveyance aside as against his judgment, and declaring such judgment a lien on the premises superior to the title of the defendant Christian Priem. Judgment was entered accordingly, and an appeal is taken therefrom to this court.

It is objected that the conclusions of law found by the court below are not justified by the conclusions of fact, and this is the real question in the case. This transaction amounts to an attempt, on the part of the debtor, to place his property beyond the reach of the process of his creditors, and, at the same time, to retain control over it and its avails, which may not lawfully be done under the statute against fraudulent conveyances. A debtor's property is by law subject immediately to process issued at the instance of his creditor, and he may not lawfully delay the creditor by any device which leaves it virtually subject to his control and disposition. And it makes no difference that he intends ultimately to apply the avails of it to the payment of his debts, because that leaves the time of payment, as well as the particular creditor to whom the avails shall be paid, to depend upon his will and pleasure.

It is urged that a transfer by the debtor which merely hinders and delays the creditor is not necessarily unlawful. That may be true, but he cannot lawfully hinder or delay them by keeping the property, either in his own name or that of another. He may absolutely and irrevocably divest himself of the property, by putting it in the hands of a trustee for the benefit of his creditors, and, by so doing, hinder and delay them while the trustee is administering his trust; but, in that case, the property beneficially belongs to the creditors, who need only wait for their own trustee to administer it. But it is another thing when the debtor puts his property in the hands of another, upon

a trust to dispose of it at his dictation, and reserves to himself the disposition of the proceeds. He is, in that case, virtually and potentially the beneficiary of the trust.

It is further urged, that the court has found that the conveyance was made by William T. Conkwright, and accepted by William Conkwright, to secure the latter for certain endorsements before that time made by him for the said William T., as well as to protect the property from forced sale and possible sacrifice on the process of his creditors, and that he might lawfully give William Conkwright security on this property against his liability as such endorser. If the debtor, in failing circumstances, had executed a mortgage on the property in form to William Conkwright, to secure him against his liability as such endorser, that would have presented the question whether such a mortgage would have been a lawful obstacle in the way of the holders of the endorsed paper, or the other creditors, reaching the property directly in proceedings against the principal debtor. But no such question arises. The conveyance was absolute in form, and the other facts found are inconsistent with its operation as a *bona-fide* security. A *bona-fide* security upon real estate confers a right in or to the property as irrevocable as a perfect transfer, to the extent necessary to answer the purposes of security, and leaves the property in the grantor, and accessible to his creditors, subject to the lien. But in this case the disposition of the property was, by the intent and understanding of the parties, to be controlled by the grantor, and the entire avails thereof to be applied by him to the payment of his debts. This feature, therefore, does not relieve the transaction from its inherent vice.

It was further urged that the entire avails of the sale of the property to the defendant Priem were in fact received by William T. Conkwright, and by him applied to the payment of his debts, and that no injury in law, therefore, resulted from these transactions to his creditors or to the plaintiff. But the conveyance to William Conkwright was void at its inception, and passed no title to the land as against the plaintiff, so that the land was, notwithstanding such conveyance, subject to attachment for his debt; and no subsequent transaction concerning it to which he was not a party, and not in-

volving the rights of innocent parties, could give it validity as against him; and it should, therefore, be now subjected to his judgment, and the cloud which embarrasses the title removed.

A point is made by the counsel for the appellants that the question of fraudulent intent is one of fact, and that the court has not found specifically, as a conclusion of fact, that the deed from William T. Conkwright to William Conkwright was made with intent to hinder and delay the creditors of the former. Although, in cases of this kind, the intent of the parties should be found as a matter of fact, yet, in this case, we think the intent to hinder and delay the creditors of William T. Conkwright by the conveyance in question inevitably follows from the facts found touching the acts and intentions of the parties.

Judgment affirmed.

*Cornell, J., owing to illness, took no part in this case.